In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*

_____

NO. 09-20-00121-CR
NO. 09-20-00123-CR
NO. 09-20-00124-CR

_____

**ZIYON JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court 2
Dallas County, Texas
Trial Cause Nos. F-1815326-I, F-1815327-I, F-1900227-I**

**MEMORANDUM OPINION**

When a trial court deprives the defendant of his right to testify, it has deprived

the defendant of rights that are guaranteed under both the United States and Texas

Constitutions.[1] In this case, in a punishment hearing conducted jointly in Ziyon

---

[1]U.S. CONST. amends. V, VI, and XIV; Tex. Const. art. I, § 10; *see also Rock v. Arkansas*, 483 U.S. 44, 49 (1987) (identifying the Fifth, Sixth, and Fourteenth Amendments as the source of the federal right to testify); *Ex parte Scott*, 541 S.W.3d

Jones' three cases, Jones informed the trial court two times that he would like to testify. Yet after Jones asked the trial court whether he could testify, the trial court failed to explain to Jones that he had that right. It also did not protect the constitutional right Jones had as a defendant to control his own defense. Here, after Jones informed the trial court he would like to testify, the trial court asked Jones' attorney whether there was "any legal reason why sentence should not be imposed?" Jones' attorney answered: "No, Your Honor." Then, the trial court pronounced sentence, assessing Jones' punishment at twenty-five years in prison for each of his convictions for aggravated robbery.

A defendant's loss of the right to testify in his own defense is incompatible with the rights defendants have under the United States Constitution to control their own defense.[2] For that reason, on records that show the trial court failed to protect the defendant's right to testify, the error is treated as structural error when the defendant appeals given the trial court's failure to discharge the duty it has to protect a constitutional right that defendants enjoy that allow them to control their own defense.[3]

---

104, 117 n.13 (Tex. Crim. App. 2017) (noting that under the Texas Constitution, the accused has "the right of being heard by himself or counsel, or both").

[2] *See Weaver v. Massachusetts*, 137 S.Ct. 1899, 1908 (2017).

[3] *McCoy v. Louisiana*, 138 S.Ct. 1500, 1512 (2018); *Johnson v. State*, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005).

On appeal, the State concedes there was error in the consolidated punishment hearing conducted in the trial court in cause numbers F-1815326-I, F-1815327-I, and F-1900227-I. And because the error is structural, Jones need not prove he was harmed to obtain the relief he seeks in his appeal, a new punishment hearing in the three cases he appealed.[4]

We hold Jones is entitled to a new hearing on punishment in trial court cause numbers F-1815326-I, F-1815327-I, and F-1900227-I. For that reason, we vacate Jones' sentences on those three cases, and we remand the three cases to the trial court for further proceedings consistent with the Court's opinion.

REVERSED AND REMANDED.

_____
HOLLIS HORTON
Justice

Submitted on May 27, 2021
Opinion Delivered August 25, 2021
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[4]*Johnson*, 169 S.W.3d at 231 (explaining that had a trial or appellate court, in the face of a timely and proper request to testify arbitrarily denied the defendant of his right to testify, "the error would clearly be reversible without a showing of harm").